UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATASHA DEVANE ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| VANDENBERG, CHASE & ) | JURY TRIAL DEMANDED |
| ASSOCIATES, LLC ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Latasha Devane, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1. Plaintiff, Latasha Devane, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which

prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides here.

## III. PARTIES

4. Plaintiff, Latasha Devane, is an adult natural person residing at 1329 E. Cheltenham Avenue, Apt B, Philadelphia, PA 19124. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Vandenberg, Chase & Associates, LLC at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt in this Commonwealth with a principal place of business located at 887 West Marietta Street NW, Suite J-102, Atlanta, GA 30318.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7. Starting in May 2011, Defendant began a series of harassing and unwarranted phone calls aimed Plaintiff and extraneous third parties.

8. Defendant placed multiple calls to Plaintiff's grandmother and left three voicemails detailing debt collection.

9. The first of three voicemails was left on or about May 11, 2011 by an agent of Defendant, "Mr. Palmer."

10. "Mr. Palmer" stated that he needed a return call "as soon as possible" regarding a matter that "needs to be addressed or will be addressed today, voluntarily or involuntarily, a decision will be made today."

11. "Mr. Palmer" also stated that he wanted to give Plaintiff a "heads up that your file has been forwarded to the outsource legal department."

12. In the second voicemail received on or about May 12, 2011 "Mr. Palmer" reiterates much of the first voicemail, but identifies the call as regarding a "very serious matter" and states that it will be addressed "within the hour."

13. "Mr. Palmer" again gives Plaintiff a "heads up" that her file has been forwarded "upstairs, to the outsource legal department."

14. The final voicemail left by Defendant at the home of Plaintiff's grandmother on or about May 25, 2011 is an automated recording.

15. The recording states that because Plaintiff has failed to respond to their calls, Defendant "has exhausted all possible assets to reach an amicable resolution and must recommend to our client that they explore other options to protect their interests."

16. Defendant's recording also states, "Your file is currently undergoing review for further escalation and will leave our office in forty eight hours. This is your final opportunity to resolve this matter with our office."

17. Despite Defendant's claims to the contrary in all three voicemails, Plaintiff has in fact returned a call to their office where she was told that Defendant is collecting an alleged debt owed to Fast Cash.

18. Upon information and belief, Defendant's voicemails are baseless threats of legal action that Defendant is not capable of initiating and does not intend to initiate.

19. Furthermore, Plaintiff has not received any written correspondence from Defendant and as a result should not be subjected to ridiculous threats of legal action.

20. By not sending Plaintiff an initial dunning letter, Defendant has not afforded Plaintiff a full thirty day period to dispute the validity of the alleged debt in question.

21. Defendant chose to not send Plaintiff the legally required thirty day validation notice in an effort to coerce immediate payment through intimidation.

22. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

23. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant were acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(2): Contact of Third Party: Stated that the consumer owes any debt

§ 1692b(3):   Contact of Third Party: Contacted a person more than once, unless requested to do so

§ 1692c(b):   With anyone except consumer

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(2):   Profane language or other abusive language

§ 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2):   Character, amount or legal status of the alleged debt

§ 1692e(3):   Any individual is an attorney or that any communication is from an attorney

§ 1692e(5):   Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:   Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Vandenberg, Chase & Associates, LLC for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

31.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

32.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

33.    The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

34. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

35. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

36. Violations of the FDCPA are per se violations of the FCEUA and the UTPCPL.

37. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

38. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

39. The foregoing paragraphs are incorporated herein by reference.

40. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

41. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

42. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

　　a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

　　b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

　　c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

43. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

44. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

WHEREFORE Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: June 28, 2011

BY: /s/ Bruce K. Warren BKW4066
Bruce K. Warren, Esquire
BY: /s/ Brent F. Vullings BFV8435
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road, Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff